IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LARRY BUTLER, §
TDCJ-CID NO. 1116378, §
    Plaintiff, §
v. § CIVIL ACTION NO. H-11-2864
BETTY WILLIAMS, §
    Defendant. §

ORDER

Plaintiff, a state inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Dr. Betty Williams failed to provide him with shade lenses that a UTMB ophthalmologist deemed warranted in March 2010. (Docket Entry No.1). Plaintiff indicated in such complaint that he was assigned to the field force and housed in a highly illuminated section of the Ellis Unit, therefore, he faced imminent danger of serious harm without the glasses. (Id.). Plaintiff attached numerous grievances and sick call requests as exhibits to his complaint. (Id.).

The Court dismissed the complaint because plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g) and his complaint did not state facts to show that he met the exception to § 1915(g)'s bar. (Docket Entry No.4). Plaintiff filed a notice of appeal from the dismissal of this suit (Docket Entries No.7, No.8), a motion to proceed on appeal *in forma pauperis* (Docket Entry No.9), a "Memorandum [of the] Prison Litigation Reform Act"

("Memorandum") (Docket Entry No.8) and an "Objection to the Order of Dismissal" ("Objection"). (Docket Entry No.12).

Plaintiff's Memorandum and Objection fall within the provisions of Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. A Rule 59(e) motion to alter or amend "'calls into question the correctness of a judgment.'" Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In Re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Such a motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. at 479 (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Id. (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." Schiller v. Physicians Resource Grp., 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. Templet, 367 F.3d at 479 (citing Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D.La. June 26, 2000)).

A district court may relieve a party from final judgment under

Rule 60(b) on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).

In the pending Memorandum and Objection, plaintiff contends that dismissal under the three strikes bar is inappropriate because at the time he filed his complaint he was subject to imminent serious physical injury to his eyesight by Dr. Williams' failure to order prescription shade or transitional lenses to be worn both inside and outdoors. (Docket Entries No.1, No.12). A prisoner may invoke the imminent danger exception to § 1916(g) only to seek relief from a danger imminent when the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-13 (3rd Cir. 2001)) (stating that "'[i]mminent' dangers are those dangers which are about to occur at any moment or are impending . . . [and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent'"). Past dangers are not sufficient. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). The

injury must be "imminent or occurring at the time the complaint is filed." Fuller v. Wilcox, 288 Fed. Appx. 509, 511 (10th Cir. 2008) (quoting Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)). To satisfy the "imminent danger" exception, a complainant must offer "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. at 511 (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Reliance on past injuries or harm, or offering vague or conclusory allegations, is insufficient. Id.; see White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

The cases in which courts find imminent danger of serious physical injury primarily involve a prisoner's complaint that essential medications are completely withheld or the prisoner is placed with inmates who have targeted him as an enemy. See Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004) (finding imminent danger of serious physical injury based on allegation that prison officials had withdrawn treatment for HIV and hepatitis, leading to severe complications and rapid deterioration); Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998) (finding based on allegation that officials repeatedly placed prisoner near inmates on his enemy list who had hurt the prisoner and prisoner alleged he had suffered harm twice as result).

Plaintiff's exhibits to his original complaint reflect that Dr. Williams had issued plaintiff a sunglass pass per the recommendation of the UTMB ophthalmologist and determined that plaintiff did not qualify for an indoor dark shade pass.[1] Plaintiff did not state in his complaint that Dr. Williams has denied him the outdoor shade pass but that she failed to "take appropriate procedure for prisoner to receive state issue[d] shade lenses." (Docket Entry No.1, page 4). Plaintiff's exhibits, however, do not show that prescription shade lenses were authorized or medically necessary. Although plaintiff alleges an ongoing dispute with Dr. Williams regarding the issuance of prescription sunglasses, he fails to show that Dr. Williams denied him medical

---

1  Plaintiff's Step 1 grievance dated April 13, 2010, reflects plaintiff's complaint of defective corrective lenses with improper bifocal setting and the failure of Unit medical personnel to issue a shade pass authorized by a Galveston optometrist in March 2010. (Docket Entry No.1-1, page 1). The response reflects that the corrective lenses were not defective. (Id., page 2). In his Step 2 grievance filed on April 29, 2010, plaintiff complained again that the prescription lenses were deficient and that he had not been issued a shade pass. (Id., page 3). The response dated July 16, 2010, reflects that plaintiff's prescription glasses were not deficient and that a sunglass pass issued on April 7, 2010 and on July 13, 2010. (Id., page 4).

In his Step 1 Grievance filed on January 10, 2011, plaintiff complained that Dr. Williams had threatened him with sanctions after she issued shades for outside use only. (Id., page 7). Plaintiff indicated that the UTMB physician recommended treatment shades and a follow-up appointment to track the conditions of his eyes. (Id.). He argued that his eye condition qualified for an indoor pass. (Id.). In response, plaintiff was advised that Dr. Williams had seen him on January 10, 2011, and that the clinic note from Optometry stated that he was to wear the dark clip outside only. (Id., page 8). The response to his Step 2 Grievance dated March 23, 2011, reflects that on February 18, 2010, plaintiff was evaluated at the Optometry Clinic but the physician did not indicate that plaintiff needed a prescription for sunglasses. (Id., page 9). On March 30, 2010, plaintiff was seen at Hospital Galveston, where the physician recommended a sunglass pass for twelve months. (Id.). On January 10, 2011, plaintiff was evaluated by the medical director, who found no medical necessity for dark glasses indoors. (Id.). He was issued a dark sunglass pass for 180 days. (Id.).

care for his eye condition. Plaintiff's disagreement with Dr. Williams's medical decisions regarding prescription glasses in this case does not give rise to a finding that plaintiff was subject to imminent danger of serious physical harm at the time he filed his complaint. Plaintiff, therefore, fails to show any entitlement to relief under Rules 59(e) and 60(b). Accordingly, his "Memorandum [of the] Prison Litigation Reform Act" (Docket Entry No.8) and his "Objection to the Order of Dismissal" (Docket Entry No.12) are DENIED.

Likewise, plaintiff's notice of appeal does not indicate that he is any danger of imminent harm. (Docket Entries No.6, No.7). Therefore, his application to proceed on appeal *in forma pauperis* (Docket Entry No.9) is DENIED under 28 U.S.C. § 1915(g).

The Clerk will provide a copy of this order to the plaintiff and a copy by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159, and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

Signed at Houston, Texas, on October 22, 2011.

EWING WERLEIN, JR.
UNITED STATE DISTRICT JUDGE